**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| **NAHUN ANTONIO ARGUETA PALACIOS AND DAISY MURIEL MARIN**<br><br>Plaintiffs,<br><br>**v.**<br><br>**MARCO RUBIO,**<br>**SECRETARY OF STATE OF THE UNITED STATES;**<br><br>**MORA NAMDAR, ASSISTANT SECRETARY OF CONSULAR AFFAIRS;**<br><br>**CONN SCHRADER,**<br>**DIRECTOR OF THE NATIONAL VISA CENTER;**<br><br>**LYRA CARR,**<br>**CONSUL GENERAL OF THE U.S. EMBASSY IN TEGUCIGALPA, HONDURAS;**<br><br>**MARKWAYNE MULLIN,**<br>**SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY;**<br><br>**JOSEPH B. EDLOW,**<br>**DIRECTOR OF THE U.S. CITIZENSHIP AND IMMIGRATION SERVICS (USCIS); &**<br><br>**AARON REITZ,**<br>**U.S. ATTORNEY FOR THE SOUTHERN DISTRICT OF TEXAS,**<br><br>Defendants. | **CASE NO: 4:26-cv-9737**<br><br>**PLAINTIFFS' COMPLAINT**<br><br>**FOR INJUNCTIVE AND**<br><br>**MANDAMUS RELIEF** |

## INTRODUCTION

1. Plaintiffs Nahun Antonio Argueta Palacios and Daisy Muriel Marin, his wife ("Beneficiary" and "Petitioner," respectively, or "Plaintiffs"), bring this mandamus action seeking an order compelling Defendants, through the National Visa Center ("NVC"), to (1) ascertain jurisdiction over Plaintiffs' case; (2) request from U.S. Citizenship and Immigration Services ("USCIS") the approval of Plaintiff Argueta's Form I-601A, Application for Provisional Unlawful Presence Waiver ("I-601A" or "I-601A Waiver"); (3) obtain the transfer of Plaintiff Marin's approved Form I-130, Petition for Alien Relative ("I-130"), to the NVC; and (4) schedule Plaintiff Argueta for an immigrant visa interview. USCIS approved the I-601A on March 25, 2021, based on Plaintiff Marin's approved I-130. Since then, however, USCIS and the NVC have repeatedly shuttled Plaintiffs' case back and forth, each agency directing Plaintiffs to the other, and Plaintiff Argueta has never been scheduled for the interview required to complete his case.

2. Since USCIS approved Plaintiff Argueta's I-601A on March 25, 2021, Plaintiffs have waited more than five years for Plaintiff Argueta to be scheduled for his immigrant visa interview at the U.S. Embassy abroad. This prolonged delay has caused Plaintiffs severe stress and anxiety, as they remain uncertain when, or whether, Defendants will schedule the consular interview needed for Plaintiff Argueta to depart the United States, rely on his approved waiver, and complete his immigrant visa process. Despite Plaintiffs' repeated efforts to resolve the matter, Defendants have failed to act, and a prompt consular interview is necessary to prevent further prejudice to Plaintiffs.

3. Plaintiffs therefore respectfully request that this Court compel Defendants, through the NVC, to ascertain jurisdiction over Plaintiffs' case, obtain the approved I-601A from USCIS, complete the transfer of the approved I-130 to the NVC, and schedule Plaintiff Argueta for his

immigrant visa interview at the U.S. Embassy abroad without further delay. Defendants' continued inaction has caused concrete and escalating harm to Plaintiffs' mental and emotional well-being and has left Plaintiff Argueta unable to complete the consular process his approved waiver was meant to allow.

## JURISDICTION AND VENUE

4. This action arises under the United States Constitution, the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 et seq. ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570.

5. This Court has jurisdiction over this petition for a Writ of Mandamus under 28 U.S.C. § 1331, 28 U.S.C. § 2201, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b), 701 et. Seq., 701(a)(2), 706(1), and the Mandamus Act, 28 U.S.C.§ 1361.

6. Venue is proper in the Southern District of Texas 28 U.S.C. §§ 1391(b)(2) and (e) in Houston Division, Harris County where Plaintiffs reside. Plaintiffs seek the adjudication of this legal matter pursuant to 8 U.S.C. § 1255 in Houston, Texas.

7. Venue is also proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

## PARTIES

8. Plaintiff Argueta is a native and citizen of Honduras who currently resides in Houston, Texas. He resides here with his wife, Plaintiff Marin, who is a United States citizen and also resides in Houston, Texas.

9. Defendant Marco Rubio is sued in his official capacity as the Secretary of State for the United States. In this capacity, he is responsible for the administration and enforcement of the immigration laws relating to the powers, duties, and functions of diplomatic and consular officers, pursuant to 8 U.S.C. § 1104(a).

10. Defendant Mora Namdar is sued in her official capacity as the Assistant Secretary of State for Consular Affairs, U.S. Department of State. In this capacity, she heads the Bureau of Consular Affairs, which oversees the National Visa Center and the consular sections of U.S. embassies and consulates abroad. She is therefore responsible for the processing, scheduling, and adjudication of immigrant visa applications, including Plaintiff Argueta’s.

11. Defendant Conn Schrader is sued in his official capacity as the Director of the National Visa Center, a component of the U.S. Department of State's Bureau of Consular Affairs. In this capacity, he is responsible for the pre-processing of cases awaiting consular interviews and for transmitting cases to U.S. embassies and consulates abroad for scheduling of those interviews.

12. Defendant Lyra Carr is sued in her official capacity as Consul General at the U.S. Embassy in Tegucigalpa, Honduras. In this capacity, she oversees the consular section responsible for scheduling and conducting immigrant visa interviews at the Embassy, including the interview required for Plaintiffs' approved Form I-601A, Application for Provisional Unlawful Presence Waiver, to take full effect. See 22 C.F.R. §§ 42.62(a), (b)(1), 42.81(a); 8 C.F.R. § 212.7(e)(12).

13. Defendant Markwayne Mullin is sued in his official capacity as the Secretary of Homeland Security. In this capacity, he is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens, including through U.S. Citizenship and Immigration Services (“USCIS”), the component

agency that adjudicated Plaintiffs' Form I-601A, Application for Provisional Unlawful Presence Waiver. 8 U.S.C. § 1103(a)(1).

14. Defendant Joseph B. Edlow is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services. In this capacity, he is responsible for the adjudicative functions of USCIS, including provisional unlawful presence waivers. 6 U.S.C. § 271(b); 8 C.F.R. § 212.7(e)(8).

15. Defendant Aaron Reitz is sued in his official capacity as the United States Attorney for the Southern District of Texas. In this capacity, he is responsible for defending, on behalf of the United States, civil actions in this District in which the United States, its agencies, or its officers are concerned, including this action. 28 U.S.C. § 547(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. No exhaustion of remedy requirement applies to the Plaintiffs' complaint. Nonetheless, Plaintiffs have made several good faith attempts to inquire as to the status of the I-601A form and subsequent interview, as set forth more fully in the Factual Allegations ¶¶ 19-24, *infra*. Despite inquiries with USCIS and the National Visa Center ("NVC"), no action has been taken, and scheduling of the interview remains pending.

17. This unreasonable, prolonged delay has caused severe emotional, mental, and general hardship for the Plaintiffs. The ongoing uncertainty has significantly impacted their psychological well-being, along with placing deep uncertainty over their future.

18. Accordingly, a prompt interview would allow Plaintiffs to continue planning their future meaningfully without the ongoing burden of uncertainty.

## FACTUAL ALLEGATIONS

19. Plaintiff Argueta is a native and citizen of Honduras, and his wife Plaintiff Marin is a natural-born U.S. citizen. **Exhibit A.** Plaintiff Marin filed an I-130 Petition for Alien Relative on behalf of Plaintiff Argueta on January 24, 2018, and it was approved on September 11, 2018, with Receipt No. LIN1890204955. **Exhibit B.** The approved I-130 was later sent to the State Department for processing on September 24, 2018, as per the online USCIS Case Status portal. ***See id.***

20. Based on this underlying I-130 approval, Plaintiffs then filed the I-601A Waiver on October 14, 2019. ***See id.*** USCIS accordingly approved the form on March 25, 2021. ***Id.*** The NVC sent an email notice indicating that they would schedule an interview soon with the U.S. Embassy/Consulate in Tegucigalpa, Honduras. ***Id.*** However, an interview has yet to be scheduled in accordance with the approved I-601A.

21. Since the March 2021 "approval", Plaintiffs have made several good faith attempts to inquire into the status of the interview. **Exhibit C.** However, Plaintiffs have not received any substantive updates regarding the interview. ***See id.*** The status of the interview currently remains unclear, as the government has issued conflicting claims that either USCIS is working on the I-601A, or that the NVC and the U.S. Embassy/Consulate General in Honduras are working to schedule the interview. **Exhibits B–C.** NVC made it explicitly clear to Plaintiffs that to proceed with the interview, NVC needed USCIS to send them the I-601A decision. ***See* Exhibit C.**

22. As of November 2026, more than five years after USCIS approved Plaintiff Argueta's I-601A on March 25, 2021, based on Plaintiff Marin's approved I-130, Plaintiffs are still waiting for Plaintiff Argueta to be scheduled for his immigrant visa interview abroad. ***See id.*** This prolonged delay has caused significant financial, mental and emotional distress upon Plaintiffs. ***See* Exhibit D.** Plaintiff Argueta has spent a great amount of time and legal fees on

attorneys in his efforts to expedite the interview. ***Id.*** To financially support these efforts, he has had to work more, which has inhibited his own professional growth and made it difficult to plan his future. ***Id.***

23. Furthermore, the ongoing irresolution of their consular process has made Plaintiff Argueta and his wife fearful for his status, as they never know if he is going to be detained one day on his commute to or from work. ***See id.*** This fear has caused Plaintiff Argueta to stay home most of the time after coming home from work, to avoid possible complications with immigration authorities. ***See id.*** This ordeal has also caused a great deal of depression, anxiety, and stress for Plaintiff Marin, who is currently taking medication for her anxiety and sleeplessness. ***See id.*** Overall, both Plaintiffs are currently suffering much emotional, financial, and mental strain because of the interview not being conducted.

## CLAIMS FOR RELIEF

24. Plaintiffs re-allege and incorporate by reference paragraphs above as though set forth here.

## COUNT 1

### Mandamus relief is proper

25. Pursuant to 5 U.S.C. § 706(1), a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. Further, the mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. *See* 28 U.S.C. § 1361; *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004). Further, under controlling Fifth Circuit law, mandamus relief is the appropriate vehicle to compel an agency to act when the plaintiff has a clear right to relief and the government official's duty to act is ministerial and plainly defined. *See Giddings v. Chandler*, 979 F.2d 1104,

1108 (5th Cir. 1992). Thus, the statutory duty to adjudicate the forms and issue a final decision is non-discretionary and mandatory, even if the ultimate outcome of an agency action is discretionary.

26. Here, Defendants' failure to schedule Plaintiff Argueta's immigrant visa interview, despite the approved I-130 and the approved I-601A, violates their mandatory duties under the Immigration and Nationality Act, its implementing regulations, and the Administrative Procedure Act, 5 U.S.C. § 555(b). Because USCIS and the NVC have given Plaintiffs inconsistent statements about which agency currently holds the case, Defendants' failure follows one of two tracks. If, as the NVC has indicated, the case remains with USCIS, then USCIS has failed to forward the approved petition and waiver to the NVC so that consular processing can begin. If, as USCIS has indicated, the case has already been transferred to the Department of State, then the NVC has failed to process the case and schedule the interview. Under either track, Defendants have unreasonably withheld a discrete action they are required to take, and Plaintiffs remain stuck between two agencies, each disclaiming responsibility for the case.

27. If the I-601A has not been sent to the NVC yet, the Secretary of Homeland Security and USCIS have failed in their responsibilities.

a. In the case that the I-601A is still with USCIS and has not been sent to the appropriate department for processing (the NVC), USCIS's refusal to timely send and allocate Plaintiffs' I-601A is a violation of its mandatory duty under the Immigration and Nationality Act. This is because Defendants owe Plaintiffs the non-discretionary, statutory duty to act on their requested form and the duty is plainly defined and stated clearly in 8 U.S.C. § 1103(a) ("The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to

the immigration and naturalization of aliens…”). Further it’s also because Defendants have not acted on the duty owed to Plaintiffs, meaning that Plaintiffs have been harmed and are owed a clear right to relief.

b. This harm is clearest in the daily restrictions Plaintiffs live under while the case remains stalled between USCIS and the NVC. *See* Exhibit D. Plaintiff Argueta rarely leaves home for errands or leisure because he and his wife fear he could be detained by ICE at any time. *See id.* He leaves the house only to go to work. His professional growth has also stalled: he works constantly to support the family and to pay for the efforts to move his case forward and secure his interview. The harm extends to Plaintiff Marin as well. The prolonged uncertainty over her husband’s case and the long wait for his interview have caused her anxiety and sleeplessness, and her mental health has declined to the point that she now requires medication. *See id.*

29. <u>If the I-601A has been sent to NVC, then the Secretary of State, NVC and Consul General have failed in their responsibilities.</u>

c. In the alternative, in the case that the I-601A has been approved and sent to NVC, the NVC and Consul General’s failure to conduct the proper interview, is a violation of their own responsibilities. This is because Defendants owe Plaintiffs a non-discretionary, statutory duty to act, and that duty is grounded in 8 U.S.C. § 1104(a), which provides that "[t]he Secretary of State shall be charged with the administration and the enforcement of the provisions of this chapter and all other immigration and nationality laws relating to . . . the powers, duties, and functions of diplomatic and consular officers of the United States," and directs the Secretary to "establish such regulations . . . and perform such other acts as he deems necessary for carrying out such

provisions." Those regulations, in turn, make the interview mandatory: the applicant "shall be required to appear personally before a consular officer" and "must be interviewed by a consular officer," 22 C.F.R. § 42.62(a), (b)(1), who must then render a decision, 22 C.F.R. § 42.81(a). Plaintiffs' approved waiver cannot take full effect until that interview occurs. 8 C.F.R. § 212.7(e)(12). Defendants have nonetheless failed to schedule or conduct the interview for more than five years after the waiver's approval.

d. Furthermore, Plaintiffs have been harmed because of Defendants' failure to conduct the interview and are owed a clear right to relief. Nowhere is this harm clearer than in the current physical restraints and mental strain on Plaintiffs, as mentioned above.

30. Plaintiffs have no other adequate remedy available to compel Defendants to transfer the approved I-130 and I-601A to the NVC and to schedule Plaintiff Argueta's immigrant visa interview abroad. Plaintiffs have already sought relief directly from both USCIS and the NVC, and each agency has pointed them to the other. No administrative appeal or other procedure is available to force either agency to act. Plaintiffs are therefore entitled to mandamus relief under 28 U.S.C. § 1361, and to relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), compelling agency action unlawfully withheld or unreasonably delayed.

## **COUNT 2**

### **Violations of the APA**

28. The Administrative Procedure Act requires that agencies conclude matters presented to them "within a reasonable time", 5 U.S.C. § 555(b), and authorizes a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). To

state a claim under § 706(1), a plaintiff must show that the agency had a discrete, non-discretionary duty to act, and that the agency has failed to act within a reasonable time. *See Norton*, 542 U.S. at 63–65.

29. Courts have recognized that the delays warranting relief are those measured "in years, not months." *Cal. Power Exch. Corp. v. FERC*, 245 F.3d 1110, 1125 (9th Cir. 2001). Delays approaching or exceeding six years, particularly where the agency gives no indication of when it will act, weigh in a plaintiff's favor under the *TRAC* factors. *See Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071–73 (N.D. Cal. 2014) (first *TRAC* factor favored plaintiff given delay of nearly six years and defendants' "unwillingness to indicate if or when [the] petition will be adjudicated").

30. Accordingly, under any of the alternative theories pleaded above, the delay here is unreasonable. Whether the failure lies with USCIS, in failing to finalize or transmit its approval of Plaintiffs' Form I-601A, or with the Department of State, the National Visa Center, or the U.S. Embassy in Tegucigalpa, in failing to process the case and schedule and conduct the consular interview, more than five years have passed since USCIS "approved" the waiver. Defendants have given Plaintiffs inconsistent information about the case's status, and none has indicated when it will act.

31. Further, as stated above, Defendants have not only failed to execute their duties to Plaintiffs within a reasonable time, *see* 8 U.S.C. §§ 1103(a), 1104(a), but they have also compounded the error through a lack of clarity regarding the approved I-601A's transfer status. Plaintiffs have attempted to clarify this status through good faith efforts, but to no avail. The fact that the waiver was approved but there has been no interview scheduled since, begs the question if the waiver was properly sent and allocated in the first place.

32. Therefore, Plaintiff is also entitled to relief under the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

33. Assume jurisdiction over this action;

34. Issue a writ of mandamus compelling Defendants, within sixty (60) days of this Court's order, to ascertain jurisdiction over Plaintiffs' case, obtain the approved Form I-601A from USCIS, complete the transfer of the approved Form I-130 to the NVC, and schedule Plaintiff Argueta for his immigrant visa interview at the U.S. Embassy abroad; or, in the alternative, declare that Defendants have unlawfully withheld or unreasonably delayed the processing of Plaintiffs' case under 5 U.S.C. § 706(1).

35. Award Plaintiff reasonable costs and attorney's fees; and

36. Award such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 5, 2026

***/s/ Ruby L. Powers***

Ruby L. Powers
Texas Bar No. 24057581
Powers Law Group, P.C
1311 Enid Street
Houston, Texas 77009
Tel. (713) 589-2085
Fax. (713) 589-3101

## EXHIBITS

**Exhibit A: Evidence of Plaintiffs' Background**

- Plaintiff Argueta's Honduran Passport
- Plaintiff Marin's Birth Certificate

**Exhibit B: Evidence of I-601A Approval**

- Form I-797C, Courtesy Copy of Approval Notice for Form I-130
- USCIS Online Case Status Regarding Receipt No. LIN1890204955 for I-130
- Form I-797C, Courtesy Copy of Approval Notice for Form I-601A
- Email Notice from National Visa Center re: Case becoming Documentarily Qualified

**Exhibit C: Evidence of the Delay in Granting Plaintiffs the Interview**

**Exhibit D: Evidence of Harm resulting from Delayed Interview for I-601A Waiver**

- Plaintiff Argueta's Personal Statement with Passport ID
- Plaintiff Marin's Personal Statement with Texas Driver's License